**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4143**

───────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

CORENZO MOBERY,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Deborah K. Chasanow, Chief District
Judge.  (8:09-cr-00445-DKC-3)

───────────

Submitted:  January 5, 2012          Decided:  January 9, 2012

───────────

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

───────────

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

───────────

Edward C. Sussman, LAW OFFICE OF EDWARD SUSSMAN, Washington,
D.C., for Appellant. Mara Zusman Greenberg, OFFICE OF THE UNITED
STATES ATTORNEY, Robert K. Hur, Assistant United States
Attorney, Erin Baxter Pulice, Special Assistant United States
Attorney, Greenbelt, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corenzo Mobery pleaded guilty to conspiracy to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2006); and possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Mobery to a total of 125 months of imprisonment and he now appeals. For the reasons that follow, we affirm Mobery's conviction but vacate the sentence and remand for resentencing.

On appeal, Mobery does not challenge his conviction. His sole argument is that the Fair Sentencing Act of 2010 (FSA) should have applied to his sentence. The Government has filed a joint motion to remand this case to the district court to allow Mobery to be resentenced in accordance with the FSA. Based on our consideration of the record and the materials submitted with this motion, we affirm Mobery's conviction, vacate his sentence, and grant the motion to remand this case to the district court to permit resentencing. By this disposition, however, we indicate no view as to whether the FSA is retroactively applicable to a defendant like Mobery whose offenses were committed prior to August 3, 2010, the effective date of the

Act, but who was sentenced after that date, leaving that determination in the first instance to the district court.*

AFFIRMED IN PART;
VACATED IN PART;
AND REMANDED

---

* We note that at Mobery's sentencing hearing conducted on December 15, 2010, counsel for the Defendant unsuccessfully argued for retroactive application of the FSA. Nevertheless, in light of the Attorney General's revised view on the retroactivity of the FSA, as well as the development of case law on this point in other jurisdictions, we think it appropriate, without indicating any view as to the outcome, to accord the district court an opportunity to consider the matter anew.